**Daoleaung RATSAVONGSY, Petitioner—Appellee,**

v.

**Edward CADEN, Respondent—Appellant.**

No. 04–16294.
No. CV–02–01687–JKS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 2005.

Decided May 11, 2005.

Victor S. Haltom, Sacramento, CA, for Petitioner—Appellee.

Patrick J. Whalen, Esq., AGCA—Office of the California Attorney General, (SAC) Department of Justice, Sacramento, CA, for Respondent—Appellant.

Before HUG, FERGUSON, and RYMER, Circuit Judges.

**MEMORANDUM** \*\*

Respondent Edward Caden ("the State") appeals the District Court's order granting Petitioner Daoleaung Ratsavongsy's ("Ratsavongsy's") 28 U.S.C. § 2254 habeas petition. A jury found Ratsavongsy guilty of attempted murder, assault with a firearm and deadly weapon, and discharging a firearm at a motor vehicle. On direct appeal, Ratsavongsy alleged ten instances of pros-

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ecutorial misconduct. The California Court of Appeal held that the prosecutor committed three errors, all found to have been harmless. The State contends that the District Court erred when it found the California Court of Appeal's decision to be contrary to and an unreasonable application of clearly established federal law as determined by the Supreme Court.

We have jurisdiction under 28 U.S.C. § 2253. We review the District Court's grant of Ratsavongsy's habeas petition de novo, *Clark v. Murphy,* 331 F.3d 1062, 1067 (9th Cir.2003) (as amended), and now REVERSE.

Under § 2254(d)(1) of the Antiterrorism and Effective Death Penalty Act, a district court cannot grant Ratsavongsy's habeas petition unless the California Court of Appeal's adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer v. Andrade,* 538 U.S. 63, 71, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (quoting 28 U.S.C. § 2254(d)(1)).

Improper remarks by a prosecutor violate rights under the constitution if they "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). "[I]t is not enough that the prosecutors' remarks were undesirable or even universally contemned." *Darden,* 477 U.S. at 181, 106 S.Ct. 2464 (internal quotation marks omitted).

The California Court of Appeal reasonably recognized three instances of prosecutorial misconduct and reasonably applied *Donnelly* to conclude that these instances failed to render Ratsavongsy's trial fundamentally unfair.

First, the prosecutor's extra-record evidence of nineteenth-century jury deliberations was harmless since it was ambiguous and intended to check the jurors' biases rather than to advocate a different or lesser burden of evidentiary proof. *See Donnelly,* 416 U.S. at 647, 94 S.Ct. 1868 ("[A] court should not lightly infer that a prosecutor intends an ambiguous remark to have its most damaging meaning or that a jury, sitting through lengthy exhortation, will draw that meaning from the plethora of less damaging interpretations.").

Second, the prosecutor's reference to extra-record witness recall studies was harmless since it did not impose upon the jury an obligation other than to weigh the admitted evidence before it. *See Fields v. Woodford,* 309 F.3d 1095, 1109 (9th Cir. 2002) (as amended) (holding that a prosecutor's remarks to jurors during closing argument asking them to picture the crime through the eyes of the victim did not amount to a denial of the defendant's due process rights under *Donnelly* ); *cf. United States v. Polizzi,* 801 F.2d 1543, 1558 (9th Cir.1986) (noting that it is improper for a prosecutor to tell the jury it had any obligation other than weighing evidence).

Last, the prosecutor's disparaging remarks about defense counsel were harmless since they were aimed more at defense counsel's self-defense theory than at defense counsel himself. *See United States v. Kessi,* 868 F.2d 1097, 1106 (9th Cir.1989) ("Comments that call attention to inadequacies in the accused's defense do not violate the [F]ifth [A]mendment.").

For the foregoing reasons, the California Court of Appeal's decision to dismiss as harmless Ratsavongsy's three recognized claims for prosecutorial misconduct was neither contrary to nor an unreasonable application of clearly established fed-

eral law as determined by the Supreme Court.

**REVERSED.**

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.